**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JOSEPH ZIEGLER,                )
                               )
        Plaintiff,       )
                               )
   vs.                         )
                               )
ASSET ACCEPTANCE, LLC,         )
                               )
        Defendant.      )

## COMPLAINT

## INTRODUCTION

1. Plaintiff Joseph Ziegler brings this action to secure redress against unlawful collection practices engaged in by defendant Asset Acceptance, LLC ("Asset"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. Plaintiff contends that Defendant Asset brought a lawsuit against him on a time-barred debt, and obtained and attempted to collect on a default judgment without service of process on Mr. Ziegler.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

5. Venue in this District is proper because Asset does business here and all events at issue occurred here.

1

## PARTIES

6. Plaintiff Joseph Ziegler resides in the Northern District of Illinois.

7. Defendant Asset Acceptance, LLC is a limited liability company organized under Delaware law. It does business in Illinois. Its registered agent is CT Corporation System, 208 S. LaSalle Street, Chicago, IL 60604.

8. Defendant Asset Acceptance, LLC is in the business of buying or claiming to buy charged-off debts allegedly owed by consumers and enforcing the debts against the consumers.

9. Asset Acceptance uses the mails and telephone system in conducting its business.

10. Defendant Asset Acceptance, LLC is a "debt collector" as defined by the FDCPA.

## FACTS

11. On or about November 21, 2008, Asset Acceptance, LLC ("Asset") filed suit, by its in-house counsel, against Mr. Ziegler in the First Municipal District of Cook County, at which time a summons was issued.

12. At the time of filing, the purported debt was more than five years old.

13. On or about December 24, 2008, the November 21, 2008 summons was returned unserved by the Cook County Sheriff and entered as "No Service Reason: No Contact." Exhibit A.

14. On February 17, 2009, an alias summons was issued. Exhibit B.

15. On or about March 30, 2009, the alias summons was returned unserved by an independent process server. Exhibit C.

16. No summons purporting to have been served upon Mr. Ziegler was filed with the Court.

17. On April 1, 2009, it appears the file was stamped "SUM. FLD. RET. SERV." in error, with no summons being filed as served. <u>Exhibit D</u>. On or about December 13, 2010, Asset, through its in-house counsel, had a citation issued in Asset Acceptance v. Ziegler, case 2008-M1-193282 and served on Mr. Ziegler's bank. (<u>Exhibit E</u>)

18. In response to the citation, Mr. Ziegler's bank froze the funds in his account in the amount of $3,532.78. (<u>Exhibit F</u>) This was the first that Mr. Ziegler heard of the case.

19. Notwithstanding the lack of service, on or about April 15, 2009, Asset caused a default judgment to be entered against Mr. Ziegler for $1,312.42, plus costs. (<u>Exhibit G</u>) Mr. Ziegler did not learn of this until after Asset attempted to enforce the judgment on December 13, 2010.

20. As a result of the hold placed on his account, Mr. Ziegler has incurred at least one insufficient funds charge from his bank, as well as at least one returned check.

21. Mr. Ziegler was required to retain counsel to vacate the judgment, which was done by order of March 30, 2011.

22. On September 12, 2011, the lawsuit was dismissed with prejudice.

23. The alleged debt that was the subject of the lawsuit, judgment and citation was barred by the statute of limitations prior to the filing of the lawsuit against Mr. Ziegler in 2008. 735 ILCS 5/13-206.

## **VIOLATIONS ALLEGED**

24. It is both a deceptive practice and an unfair practice, in violation of the FDCPA, 15 U.S.C. §§1692e and 1692f, to file legal action on time-barred debts. *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480 (M.D.Ala. 1987).

25. It was also an unfair practice for Asset to obtain a default judgment without service of process.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and against defendant for:

(1) Statutory damages;

(2) Actual damages;

(3) Attorney's fees, litigation expenses and costs of suit;

(4) Such other or further relief as the Court deems proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                    s/ Daniel A. Edelman
                                                    Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)